**UNITED STATES of America,**
**Appellee,**

v.

**Aaron Michael CASTRO, Appellant.**

**No. 07–3815.**

United States Court of Appeals,
Eighth Circuit.

Submitted: May 27, 2009.

Filed: June 2, 2009.

Donald B. Allegro, U.S. Attorney's Office, Davenport, IA, Craig Payton Gaumer, U.S. Attorney's Office, Des Moines, IA, for Appellee.

James Bryson Clements, Davenport, IA, Aaron Michael Castro, Oxford, WI, for Appellant.

Before RILEY, SMITH, and BENTON, Circuit Judges.

PER CURIAM.

Aaron Michael Castro pleaded guilty to possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2 (Count 1); possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 2); and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 2 (Count 3). The district court [1] imposed concurrent prison terms of 43 months on Counts 1 and 3, a consecutive prison term of 60 months on Count 2, and concurrent supervised release terms of 2 years on all counts. On appeal, Castro's counsel has moved to withdraw and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the sentence is unreasonable.

We conclude that the sentence, which was within the advisory Guidelines range, is not unreasonable. *See Rita v. United States,* 551 U.S. 338, 341, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v.*

---

1. The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

*Lincoln,* 413 F.3d 716, 717–18 (8th Cir. 2005). The district court considered relevant factors under 18 U.S.C. § 3553(a), and nothing in the record suggests that the court misapplied those factors. *See United States v. Haack,* 403 F.3d 997, 1004 (8th Cir.2005).

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw.